United States Bankruptcy Court
Southern District of Texas

**ENTERED**
February 24, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 22-31835 |
| ZACHARY RAY LANDERS, | § | |
| | § | CHAPTER 7 |
| Debtor. | § | |
| | § | |
| PLAINSCAPITAL BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 22-3301 |
| | § | |
| ZACHARY RAY LANDERS, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

The plaintiff, PlainsCapital Bank, has filed a Motion for Default Judgment requesting that certain obligations of the debtor/defendant, Zachary Ray Landers, be found nondischargeable under 11 U.S.C. § 523(a)(2)(A), (a)(2)(B) and (a)(6) (ECF No. 13). There has been no response filed. For the following reasons, the motion is granted.

The plaintiff is requesting default judgment in this case because the defendant failed to file an answer to the complaint. The complaint was filed on October 11, 2022.[1] Summons was served on defendant, Zachary Ray Landers ("Landers") on October 19, 2022. Federal Rule of Bankruptcy Procedure 7012 requires an answer to be filed within 30 days of the issuance of a summons. Landers has not responded or answered this adversary proceeding.

---
[1] ECF No. 1.

## PROCEDURAL HISTORY

Plaintiff filed a copy of the executed summons stating the complaint and summons was served on October 19, 2022, by first class mail to Zachary Ray Landers at 25022 Northhampton Terrance Drive, Spring, Texas 77389.[2] This is the same address for the debtor which is listed on the docket in the underlying bankruptcy case.

PlainsCapital Bank previously filed a motion for clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a) and Federal Rule of Bankruptcy Procedure 7055 on December 14, 2022.[3] The clerk entered default against Landers on December 14, 2022.[4]

## BACKGROUND FACTS

It is uncontroverted that Landers executed a Commercial Line of Credit Agreement and Note payable to PlainsCapital Bank as President of American Awning of Texas, LLC in the original principal amount of $500,000.00 (the "Note"), and an Unlimited Continuing Guaranty for the same amount in his individual capacity on April 16, 2021.[5] On July 16, 2021, Landers renewed the Note, and increased the principal amount to $1,000,000.00.[6] Pursuant to the terms of the Note, Landers would be in default if (j) "any representation or warranty made by Borrower to Lender in any of the Related Documents or any financial statement delivered to Lender proves to have been false in any material respect as of the time when made or given." Landers also agreed to pay reasonable attorneys' fees and costs in enforcement of the Note. PlainsCapital Bank alleges that Landers provided materially false written financial statements about him in order to induce PlainsCapital Bank to renew the Note.

---

[2] ECF No. 6.
[3] ECF No. 9
[4] ECF No. 10.
[5] Affidavit of Matthew Noack, ECF No. 13-1, pages 3 and 6.
[6] *Id* at pages 3 and 12.

PlainsCapital Bank seeks a nondischargeable judgment for $992,000.00 for the unpaid principal balance due under the Note, plus $101,523.76 in unpaid interest as of January 23, 2023, plus pre and post judgment interest, attorneys' fees of $16,599.00 and court costs of $350.00.

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding arising under Tile 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(I).[7] The motion for default and supporting affidavits filed by Plaintiff requests that the Court enter a default judgment pursuant to Federal Rule of Bankruptcy Procedure 7055, which provides that Federal Rule of Civil Procedure 55 applies in adversary proceedings.

## LEGAL STANDARD

A valid service of process gives a defendant notice that failure to file an answer puts him at risk of default judgment.[8] Rule 7004 of the Federal Rules of Bankruptcy Procedure governs proper service of the summons and complaint. Rule 7004(b)(9) allows for mailing a copy of the summons and complaint to "the debtor at the address shown in the petition or to such other address as the debtor may designate in a filed writing." Plaintiff complied with this provision, and the Court finds that service was proper.

"[P]roper service of process is a jurisdictional prerequisite to the entry of a default judgment,"[9] However, a motion for default due to the defendant's failure to plead is not in and of itself conclusive of the defendant's liability. Courts have developed a three part analysis to determine if a default judgment is proper, first looking to whether a default judgment is procedurally warranted, then analyzing the substantive merits of the plaintiff's claims and

---

[7] 28 U.S.C. § 157(b)(2)(I) provides: Core proceedings include, but are not limited to– (I) "determinations as to the dischargeability of particular debts[.]"
[8] *SUA Ins. Co. v. Buras*, 421 F. App'x 384 (5th Cir. 2011).
[9] *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 672 (5th Cir. 2015)(unpublished).

determine if there is a sufficient basis in the pleadings for the judgment; and lastly, what form of relief, if any, the plaintiff should receive.[10] Whether or not the motion for default is granted is within the Court's discretion.[11]

## ANALYSIS

PlainsCapital Bank requests an entry of default regarding its allegations that Landers debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A), (a)(2)(B) and (a)(6), and its attorneys' fees and costs for filing this adversary. After reviewing plaintiff's motion, the Court concludes that a default judgment is warranted.

The Fifth Circuit has set out six factors to consider.[12] Here, there are no material facts in dispute, since Landers has failed to file an answer, and his failure to respond threatens to bring the adversary to a close, effectively prejudicing the Plaintiff's interests. There is no evidence that Landers' silence is the result of a "good faith mistake or excusable neglect." The summons was served 4 months ago, and this motion for default was served upon Landers and his bankruptcy attorney as well. His failure to respond to either has been noted by the Court. Finally, the Court is unaware of any circumstance that might be a reason to set aside the default judgment. Therefore, PlainsCapital Bank has met the procedural requirements for default judgment.

The plaintiff bears the burden of establishing, by a preponderance of the evidence, that the debt should be excepted from discharge.[13] Landers is not held to admit facts that are not well

---

[10] *Canal Insurance Company v. Magallon Trucking, Inc.*, 2022 WL 227168 at *2 (N.D. Tex. January 25, 2022) (internal citations omitted.)
[11] *United States of America, Plaintiff v. $31,480 in U.S. Currency, Defendant, In Rem*, 2022 WL 14716356 (N.D, Tex, October 6, 2022)(*citing Lewis v. Lynn*, 236 F. 3d 766, 767 (5th Cir. 2001).
[12] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (Relevant factors include whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a goof faith mistake or excusable neglect, the harshness of a default judgment and whether the court would think itself obliged to set aside the default on the defendant's motion.).
[13] *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

pleaded or to admit conclusions of law.[14] This adversary alleges that Landers committed fraud in the acquisition of credit obtained by a false statement. To obtain a judgment that a debt is nondischargeable under 11 U.S.C. § 523(a)(2) (A), the debtor must have made a misrepresentation in order to receive a renewal or refinancing of credit. 11 U.S.C. § 523(a)(2) (B) requires that the misrepresentation must have been a statement in writing (1) that is materially false; (2) respecting the debtor's financial condition; (3) on which the creditor reasonably relied; and (4) that the debtor caused to be made or published with intent to deceive.[15]

Here, the complaint states that Landers provided "PlainsCapital with materially false written financial statements about himself and American Awning of Texas, LLC on which PlaintsCapital reasonably relied" on in extending credit.[16] PlainsCapital Bank renewed and extended additional credit to Landers based on the financial statements, and a revised Note was entered into between the parties. PlainsCapital Bank has demonstrated that Landers used a statement in writing that was materially false respecting Landers' financial condition, upon which PlainsCapital Bank reasonably relied, and Landers provided false financial statements with the intent to deceive. These claims are supported by the attached exhibits and the factual allegations set forth in the affidavit of Matthew Noack attached to the motion. Accordingly, plaintiff has met the requirements for a default judgment on its claims under 11 U.S.C. § 523(a)(2)(A) and (B). Therefore, the Court does not need to look at 11 U.S.C. § 523(a)(6).

The Complaint also alleges that Landers is not entitled to a discharge under 11 U.S.C. § 727(a)(2), (3), (4), (5), and (7).[17] The motion for default judgment does not address those allegations, and the Court finds that those allegations have not been proven, and/or have been

---

[14] *Nishimatsu Constr. Co., Ltd. V. Houston Nat'l Bank*, 515 F.2d 1200 (5th Cir. 1975).
[15] 11 U.S.C. § 523(a)(2)(B).
[16] ECF No. 1, page 10.
[17] ECF No. 1, pages 14-16.

waived. Therefore, the Court does not grant PlainsCapital Bank's objection to a discharge under 11 U.S.C. § 727(a)(2), (3), (4), (5), or (7).

The amount claimed by PlainsCapital Bank is one capable of mathematical calculation from the evidence submitted with the motion.[18] Therefore, PlainsCapital Bank's damages are $1,093,523.76 (consisting of the unpaid principal balance of $992,000.00 plus interest of $101,523.76). The evidence also supports the award of attorneys' fees. The affidavits of Matthew Noack and Kim Lewinski[19] state that PlainsCapital Bank is entitled to attorneys' fees incurred in collecting and enforcing the obligations under the Note. Although the evidence shows that PlainsCapital Bank is entitled to attorneys' fees, the amount has not been sufficiently proven.

The party requesting a fee award has the burden of establishing the reasonableness of its request.[20] Furthermore, in order to determine whether time spent on an activity was reasonable, multiple services performed cannot be "lumped" under one time entry.[21] The affidavit in support of attorney's fees does not set forth the dates that the work was performed, is vague, and includes amounts for services not rendered, including attendance at a hearing. Counsel may file a motion requesting attorneys' fees within 14 days, keeping in mind that the lodestar method of fee calculation is the method by which federal courts determine reasonable attorneys' fees.[22]

Lastly, the Court must consider whether the defendants are minors, incompetent persons, or active military before finally rendering default judgment.[23] There is no indication that Landers

---

[18] Affidavit of Matthew Noack, ECF No. 13-1.
[19] Affidavit of Kim Lewinski, ECF No. 13-6
[20] *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995).
[21] *In re Pettibone*, 74 B.R. at 307; *In re Amatex Corp.*, 70 B.R. 624, 627-628 (Bankr. E.D. Pa. 1985).
[22] *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 483 U.S. 711 (1987) (lodestar method used to calculate fees under Clear Air Act); *Hensley v. Eckerhrt*, 461 U.S. 424, 433-34 (1983) (lodestar method used to calculate fees under 42 U.S.C. § 1988).
[23] *Bank of New York Mellon Trust Co., N.A. v. Hancock*, 2020WL 2989023 (N.D. Tex. June 4, 2020).

is a minor, or incompetent, and PlainsCapital Bank has filed an affidavit from Erick Escamilla stating that Landers is not in the military service,[24] and default judgment is appropriate.

**THEREFORE, IT IS ORDERED** that a non-dischargeable default judgment of $1,093,523.73 is awarded to PlainsCapital Bank against Landers, plus pre and post judgment interest at the federal rate of 4.97%, and court costs of $350.00, for which execution may issue. This is a final judgment, and this adversary is closed.

**SO ORDERED**.

SIGNED 02/24/2023

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[24] ECF No. 13-4.